FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JOYCE STEVENSON,

    Plaintiff - Appellant,

v.

THOMAS CREESE,

    Defendant - Appellee.

No. 24-2006
(D.C. No. 1:23-CV-00613-KWR-SCY)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Joyce Stevenson, proceeding pro se[1] appeals the district court's dismissal of

her lawsuit against Thomas Creese alleging fraud and breach of contract in

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Because [Ms. Stevenson] appear[s] pro se, we liberally construe [her] pleadings. Nevertheless, [s]he . . . must comply with the same rules of procedure as other litigants." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (internal citations omitted). And in the course of our review, "[w]e will not act as [her] counsel, searching the record for arguments [s]he could have, but did not, make." *Id.*

connection with the sale of real property.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

Ms. Stevenson, a New Mexico resident, sued Mr. Creese, a Florida resident, in

New Mexico state court, alleging he breached a verbal agreement for her to purchase

a residential home in Rio Rancho for $410,000.  She also asserted a claim for

"Deception."  R. at 11–12.

Mr. Creese removed the suit to federal court pursuant to 28 U.S.C. § 1441,

asserting diversity jurisdiction under 28 U.S.C. § 1332.  He thereafter moved to

dismiss under Fed. R. Civ. P. 9(b) and 12(b)(6).  Ms. Stevenson initially opposed the

motion and moved to amend her complaint, but she later withdrew her opposition and

motion to amend.  The district court concluded Ms. Stevenson's non-opposition to

the motion was sufficient reason to grant it, and it also concluded dismissal and

denial of the motion to amend were appropriate on the merits.

On appeal, Ms. Stevenson does not challenge the district court's conclusion

that she withdrew her opposition to the motion to dismiss and her motion to amend.

Her failure to do so provides sufficient grounds for us to affirm the ruling.

*See Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020) ("If

the district court states multiple alternative grounds for its ruling and the appellant

does not challenge all those grounds in the opening brief, then we may affirm the

ruling.").

Ms. Stevenson asserts the district court judge "is an associate of Defendant's

counsel," Aplt. Opening Br. at 4, but she provides no other support for this apparent

2

accusation of improper judicial bias that she raises for the first time on appeal. Because Ms. Stevenson did not raise this argument before the district court, we would review it for plain error. *See United States v. Kimball*, 73 F.3d 269, 273 (10th Cir. 1995) ("[C]ounsel neither filed a pleading nor moved for recusal during trial. Therefore, we decide under a plain error standard whether the district judge was so biased or reasonably appeared to be so biased that we should order retrial with a different judge."). But we do not take any further action on this argument because Ms. Stevenson does not sufficiently brief it on appeal. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court.").

We therefore affirm the judgment of the district court. We deny Ms. Stevenson's motion to proceed in forma pauperis because, as the district court found, she "has not shown a financial inability to pay the required filing fees." R. at 145.

Entered for the Court

Jerome A. Holmes
Chief Judge

3